IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. JEFFRES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLANT,

V.

LOGAN P. JEFFRES, APPELLEE.

Filed January 3, 2017.    No. A-16-375.

Appeal from the District Court for Buffalo County: WILLIAM T. WRIGHT, Judge. Affirmed.

Patrick M. Lee, Deputy Buffalo County Attorney, for appellant.

Jeffrey P. Ensz, of Lieske, Lieske & Ensz, P.C., L.L.O., for appellee.

INBODY, RIEDMANN, and BISHOP, Judges.

BISHOP, Judge.

The State, through the Deputy County Attorney for Buffalo County, appeals from a district court order sentencing Logan P. Jeffres for driving under the influence (DUI), third offense, with a blood alcohol concentration of .15 or greater. The State argues that the sentence was excessively lenient. We affirm the sentence of the district court.

FACTUAL BACKGROUND

On August 25, 2015, around 2:40 a.m., officers with the Kearney Police Department observed a vehicle with a headlight out, a cornstalk sticking from its rear bumper, and a white light to the rear. Officers approached the vehicle and made contact with the driver, later identified as Jeffres, and observed that the steering wheel was bent forward and Jeffres had significant bleeding. The officer observed a strong odor of alcohol coming from Jeffres. Paramedics transported him to the hospital for medical treatment. While at the hospital, the officers spoke with Jeffres. Jeffres explained that he had been in a bar previously in Axtell, Nebraska, and had come to Kearney,

- 1 -

Nebraska, but did not remember what he had struck with his vehicle. A blood draw was conducted, and the results showed Jeffres' blood alcohol content to be .24 grams of alcohol per 100 milliliters of blood.

## PROCEDURAL BACKGROUND

The State charged Jeffres with DUI, third offense, with a blood alcohol concentration of .15 or greater, a Class IIIA felony. Jeffres pleaded no contest to the charge and stipulated that it was a third offense. In exchange for the plea, the State recommended that the sentence run concurrent to the sentence that was to be entered in Valley County District Court case CR 15-24, wherein Jeffres had been charged with a separate DUI, third offense. The Buffalo County District Court sentenced Jeffres to 180 days in jail, and ordered the sentence to run consecutive to the sentence in Valley County District Court case CR 15-24. The district court also ordered Jeffres to pay a $1,000 fine, and his license was revoked for a period of 15 years. Provisions were made that would allow Jeffres to obtain an ignition interlock permit after a 45-day no driving period following his release from jail if certain conditions were met. The State appeals.

## ASSIGNMENT OF ERROR

The State's only assignment of error is that the Buffalo County District Court erred in imposing an excessively lenient sentence on Jeffres.

## STANDARD OF REVIEW

When reviewing a sentence within the statutory limits, whether for leniency or excessiveness, an appellate court reviews for an abuse of discretion. A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *State v. Parminter*, 283 Neb. 754, 811 N.W.2d 694 (2012).

## ANALYSIS

Any person convicted of a violation of Neb. Rev. Stat. § 60-6,196 (Reissue 2010) with a blood alcohol concentration of .15 or greater, who also has two prior convictions, is subject to the penalties set forth in Neb. Rev. Stat. § 60-6,197.03(6) (Cum. Supp. 2014). In the instant case, Jeffres pleaded no contest to DUI, third offense, with a blood alcohol concentration of .15 or greater, a Class IIIA felony. At the time of Jeffres' offense on August 25, 2015, Class IIIA felonies were punishable by up to 5 years in prison, a $10,000 fine, or both. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2014). While Class IIIA felonies generally do not have a minimum sentence, the specific DUI statutes under which Jeffres was sentenced required that he serve at least 180 days in jail and have his license revoked for 15 years; if probation is given for any reason, the court shall order as conditions of the probation 60 days in jail, use of a continuous alcohol monitoring device for at least 60 days after release from confinement, a $1,000 fine, and a 5- to 15-year license revocation. See Neb. Rev. Stat. § 60-6,197.03(6). (We note that Jeffres' offense occurred prior to August 30, 2015, the effective date of 2015 Neb. Laws, L.B. 605, which changed the classification of certain crimes and made certain amendments to Nebraska's sentencing laws.) Jeffres' sentence of 180 days in jail, a $1,000 fine, and a 15-year license revocation was within the statutory limits. Accordingly, we review the sentence for an abuse of discretion. *State v. Parminter, supra.*

The State argues that Jeffres' 180-day jail sentence was excessively lenient. In determining whether the sentence is excessively lenient, we consider the following factors: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to afford deterrence; (4) the need for the sentence to protect the public from further crimes of the defendant; (5) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (6) the need for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (7) any other matters appearing in the record that the appellate court deems pertinent. *State v. Parminter, supra*. See, also, Neb. Rev. Stat. § 29-2322 (Reissue 2008).

Jeffres, 22 at the time of the current offense and at sentencing, is single and has no children. He has completed high school and reported working for a farmer. The presentence investigation (PSI) reveals that Jeffres has a history of using alcohol. He reported that he began drinking alcohol when he was in high school and said that during his "hay day" he could consume 18 beers in one night. Prior to the present offense, he was consuming approximately 16 beers every other weekend. Jeffres says he had a blackout on the night of the present offense and recalls very little, but as a result of the incident he broke his neck and jaw. He said that he hardly drinks alcohol anymore because he has an ulcer and gets sick. However, on Super Bowl Sunday (the same month of the PSI), he consumed 6 beers "but mixed them with tomato juice," and in January 2016 (the month prior to the PSI), he reported drinking 8 beers the night of a friend's birthday. During the PSI, Jeffres was reluctant to admit he had an alcohol problem and stated that he had a problem with "getting caught." He did not think he was an alcoholic, but acknowledged the negative effects he has had from drinking alcohol (e.g. being arrested, having his insurance rates raised, losing his driver's license, and being injured). A substance abuse evaluation revealed that Jeffres has been diagnosed with a severe alcohol use disorder; Jeffres declined a follow-up session with the evaluator and did not respond to a letter to see if he was willing to participate in counseling.

His prior record includes convictions for minor in possession (MIP) (three times); DUI (three times); driving during revocation; and driving under suspension. He has also been cited for a zero tolerance violation and numerous speeding infractions. In the past he was given diversion, but failed to complete it, and he has had his probation revoked. Two days before the current DUI offense on August 25, 2015, he was arrested for DUI in Valley County, Nebraska, on August 23. Additionally, he was subsequently arrested on November 15 for driving under revocation in Valley County. The probation officer conducting the PSI determined that Jeffres was at high risk to reoffend.

The August 23, 2015, arrest in Valley County was dealt with in Valley County District Court case CR 15-24, wherein Jeffres was ultimately sentenced to 2 years of "Traditional Supervision [sic] Probation" with numerous terms, including that he serve 90 days in jail.

At the sentencing hearing in the instant case, the State argued that Jeffres needed to go to prison for two reasons. First, he was statutorily ineligible for probation under Neb. Rev. Stat. § 60-6,197.09 (Cum. Supp. 2014), which states in relevant part that:

> [A] person who commits . . . a violation of § 60-6,196, 60-6,197, or 60-6,198 while participating in criminal proceedings for a violation of section 60-6,196, 60-6,197, or

60-6,198 . . . shall not be eligible to receive a sentence of probation or a suspended sentence for either violation committed in this state.

Second, even if he was eligible for probation, it was not appropriate in this case given Jeffres' history. In addition to his numerous alcohol-related convictions, Jeffres had probation revoked in a 2013 DUI and failed diversion in a 2013 MIP. Additionally, while this case was pending, Jeffres received a driving under revocation charge. The State argued that based on the PSI, "this is not an individual who wants help. He's had a significant alcohol issue that can be dealt with at the Department of Corrections, but leaving him to his own devices to try to maintain treatment and sobriety in public is only going to put further people at risk, including himself."

Jeffres' counsel argued that outside of alcohol-related offenses, there was not a lot of criminal conduct. Counsel said, "It's obvious to me that his problem is alcohol and his getting in a car while he's had something to drink." He stated that the Valley County District Court judge "saw fit to put [Jeffres] on probation, gave him longer than the minimum in jail, but then after that he's supposed to start with outpatient treatment." Counsel argued "this is a young man who still has a lot of life ahead of him, either as a productive citizen or getting into more trouble. And I think if we're going to get him to being out of trouble and on his way to [being] productive, he needs to get treatment." Counsel asked the court to fashion a sentence that would encourage that. In his personal statement to the court, Jeffres said:

I now understand what this can do to people. And to even [sic] others that aren't driving. And I want to fix myself and I want to be free of alcohol completely, actually. I'll even be willing to go to treatment for however long or whatever reasons, I guess. I don't think I deserve prison.

The district court stated that it had reviewed the PSI. It also said: "Let me tell you what I'm worried about. If I'm counting this correctly, you've had four DUIs in two years, maybe two and a half, three. You appear to create one heck of a risk to the community." The court noted that Jeffres had two "back-to-back" DUIs, that were only two days apart, and said, "under statute, I don't think you are a candidate for probation on this matter." But, the court continued as follows:

The problem that I've got is that you are already facing a sentence of probation over in Valley County. There is another judge who had previous opportunity to review your situation, has found you are a candidate for probation and has imposed some fairly significant and detailed probationary requirements, which should keep you busy for at least the next two years.

If I send you to prison, for all practical purposes, I will end up countermanding what she's trying to do.

The district court ultimately sentenced Jeffres to 180 days in the Buffalo County Detention Center, and ordered the sentence to run consecutive to the sentence in Valley County District Court case CR 15-24.

In its brief, the State cites us to *State v. Parminter*, 283 Neb. 754, 811 N.W.2d 694 (2012), a case wherein the Nebraska Supreme Court concluded that the district court abused its discretion in imposing excessively lenient sentences. In that case, Parminter pleaded no contest to two

- 4 -

Class IIIA felonies: DUI, fourth offense, and aggravated DUI, third offense. The district court sentenced him to 12 to 18 months in prison on the DUI, fourth offense, and 12 to 24 months in prison on the aggravated DUI, third offense. The court ordered the sentences be served concurrently. The Nebraska Supreme Court found that the district court abused its discretion in imposing excessively lenient sentences on Parminter. It reversed the sentences and remanded with directions to resentence Parminter to consecutive terms of 5 to 5 years' imprisonment.

We find that *State v. Parminter, supra*, is distinguishable. For instance, Parminter was on his eighth and ninth charges for DUI. Additionally, in a substance abuse evaluation several years prior to his then current charges, Parminter estimated that he had driven under the influence "'"maybe" 100 or more times.'" *Id*. at 758, 811 N.W.2d at 698. In the instant case, Jeffres' history is not nearly as extensive.

In reviewing sentences for an abuse of discretion, whether it be for leniency or for excessiveness, we give great deference to the trial court. Having applied the factors in § 29-2322, we find that the district court's sentence in this case, while lenient, was not excessively lenient nor was it an abuse of discretion.

## CONCLUSION

For the reasons stated above, we affirm the sentence of the district court.

AFFIRMED.